MORITZ v. GOUZE.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

1. COURTS ☞189(15)—OPENING DEFAULT—POWER OF COURT.
　　Under Municipal Court Code (Laws 1915, c. 279) § 6, subd. 7, declaring the powers of the Municipal Court, that court has power to open a default in a summary proceeding.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(15).]

2. COURTS ☞189(15)—MUNICIPAL COURTS—OPENING DEFAULT.
　　Where defendant's agent appeared to file answer on the call day, and waited without the proceedings being called, and the clerk told him it was not on that day's calendar, it was not an abuse of discretion to open on terms the default then granted.
　　[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ☞189(15).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Anna V. Moritz against Morris Gouze. From an order vacating a final order and warrant of dispossession, plaintiff appeals. Affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

W. Gibbes Whaley, of New York City, for appellant.

Cherurg & Falk, of New York City (Rudolph L. Cherurg, of New York City, of counsel), for respondent.

PER CURIAM. This is an appeal from an order made upon a motion, substantially, to open the default of the tenant herein. Upon conflicting affidavits, the court below has found that the tenant's representative appeared in court, for the purpose of filing an answer, on the day when the case was to be called, and waited throughout the entire morning without the proceeding being called, and that upon inquiry at the clerk's office he was informed that the case was not on

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the calendar for that day. A default was taken, however, and a warrant issued, and the landlord put into possession thereunder. The court below opened the default upon terms and set the case down for trial, and at the same time vacated the final order and the warrant.

[1, 2] That the Municipal Court has power to open a default in a summary proceeding cannot be doubted. Section 6, subd. 7, Municipal Court Code (Laws 1915, c. 279). It cannot be said, in the case at bar, that the court abused its discretion in so doing. Apparently no order of restitution was granted; indeed, it may well be doubted if one could issue, under the circumstances, until after trial. Section 129, subd. 2, Municipal Court Code.

Order affirmed, with $10 costs to abide the event.